**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Leon Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 50474 |
| v. | ) | |
| | ) | Hon. Margaret J. Schneider |
| | ) | |
| Winnebago County, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1984 prisoner civil rights action was filed by Plaintiff on November 19, 2024, alleging deliberate indifference to medical care at the Winnebago County Jail [1]. At a telephonic status conference on January 6, 2026, Plaintiff advised the Court that he was soon to be released from custody and no longer wanted to pursue this action [45]. At that time, the Court set a telephonic status conference for February 10, 2026, and reminded Plaintiff of his responsibility to keep his address up to date with the Court. *Id*. Plaintiff failed to appear at the February 10, 2026, telephonic status conference and the Court reset the conference to March 12, 2026 [46]. In that order, the Court warned Plaintiff that a failure to appear or participate in his litigation could result in the case being dismissed for want of prosecution. *Id*. The Clerk sent a copy of the docket entry to Plaintiff at his last known address, Robinson Correctional Center. On March 2, 2026, the mailing was returned to the Clerk as undeliverable [47]. The returned envelope contains the handwritten note: "discharged." *Id*. The Court held the telephonic status conference on March 12, 2026, and Plaintiff, again, failed to appear [48]. At that hearing, counsel for Defendants reported to the Court that Plaintiff was supposed to contact him to discuss a stipulation of dismissal following the January 6, 2026, telephonic status conference, but Plaintiff failed to communicate with him. Based on Plaintiff's repeated failures to appear and participate in the initial stages of this litigation, it is the Court's Report and Recommendation that the District Court dismiss this matter for want of prosecution. Fed. R. Civ. P. 41(b). Any objection to this Report and Recommendation must be filed by March 26, 2026. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989). The Clerk is directed to mail a copy of this order to Plaintiff's last-known address, as reflected on the docket.

DATE: March 12, 2026                ENTER:


*Margaret J. Schneider*
United States Magistrate Judge